(No. 78-CC-2136-)

ARTHUR YOUNG & COMPANY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 4, 1983.*

WINSTON & STRAWN (DANIEL F. WEIL, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM R. WALLIN, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

This matter is before the Court on a joint stipulation as to facts and to our granting of an award. In pertinent part the stipulation reads as follows:

1. On October 29, 1976, Claimant contracted with the Illinois Bureau of Employment Security (IBES) to perform work on a project to analyze, convert and implement a computerized tax system for the contributions section of IBES' Division of Unemployment Insurance. The project was based upon the conversion of a similar computerized tax system in Louisiana. The original agreement between Claimant and IBES was approved by the Department of Finance (subsequently the Department of Administrative Services).

2. Pursuant to the terms of the original agreement, three supplemental agreements were executed between Claimant and IBES requiring Claimant to perform additional work. The supplemental work was required at least in part by the failure of Millicent Systems, Inc., another contractor, to perform its related contract in a proper and timely manner and by the decision of IBES to change the nature of the project from the conversion of the Louisiana system to the design of an entirely new tax accounting system.

3. All work performed by Claimant pursuant to the original and supplemental agreements was performed at the request of IBES; was performed to the satisfaction of IBES; and did not exceed the amount appropriated for the project.

4. A dispute has arisen between Claimant and Respondent with respect to the amount due Claimant for

work performed under the supplemental agreements. Partial discovery has been completed and partial evidence has been submitted.

5. There are no disputed questions of fact.

6. After extensive discussions between Claimant and Respondent, the parties, in the interests of justice and to avoid protracted litigation, agree to settle Arthur Young's claim of $51,309.00 for $40,000.00.

7. The evidence submitted at the hearings on this matter support this settlement.

\* \* \*

9. Based on the foregoing, Respondent agrees to the entry of an award for Claimant in the amount of $40,000.00.

The stipulation was then signed by counsel representing both parties.

This Court is, of course, not bound by such stipulations, but we do not reject them out of hand, and do in fact encourage settlements where the facts and interests of justice support this type of resolution. After reviewing the record in this case we do accept the stipulation and find in the Claimant's favor for the amount agreed upon.

Accordingly, it is hereby ordered that Claimant be, and hereby is, awarded the sum of $40,000.00 (forty thousand dollars and no cents) in full satisfaction of this claim.